(56 Misc. Rep. 45.)

In re HASTINGS.

(Supreme Court, Special Term, New York County. September, 1907.)

CORPORATIONS—WHO ARE STOCKHOLDERS—EXECUTORS—INSPECTION OF BOOKS.
    An executor of a deceased stockholder is a stockholder, within Stock Corporation Law, Laws 1892, p. 1824, c. 688, and entitled to inspect the stock book during at least three business hours of the defendant, and to information as to the affairs of the corporation.

Application of George Gordon Hastings, executor of Rosalie Tousey Hastings, for an inspection of the books of Frank Tousey, Publisher, a corporation. Granted.

See 106 N. Y. Supp. 640.

Theron Davis, for petitioner.
James M. Hunt, for respondents.

BRADY, J. This is a motion for a peremptory writ of mandamus commanding the president, secretary and treasurer and directors of the corporation Frank Tousey, Publisher, to exhibit to the petitioner, as executor, etc., of Rosalie T. Hastings, deceased, his attorney and accountants, the stock book, stock ledger, transfer books, minutes of stockholders' and directors' meetings, by-laws, all books of account, records, and papers of said corporation from the date of organization, on or about June 9, 1905, to the time of such inspection, and to permit them to fully examine the same and take extracts therefrom. I think that the petitioner, as executor of a deceased stockholder, being

vested with the legal title to stock in the corporation, is a stockholder within the legal intendment of that word, and consequently entitled to make the application. He is entitled by the provisions of the stock corporation law (Laws 1892, p. 1824, c. 688) to inspect the stock book during at least three business hours of the day. People v. Railroad Co., 106 App. Div. 350, 94 N. Y. Supp. 555. I doubt, however, his right to the unlimited privileges demanded upon this motion. He is, however, the owner as executor of one-half of the entire capital stock, and thus vitally interested in the success and proper conduct of the affairs of the corporation.

The moving papers show that in July last he made upon the secretary and treasurer of the corporation a demand in writing, supplemental to a previous verbal demand, for certain information, which was not acceded to. I think he is entitled to much of the information, and an order will be granted directing the said president and secretary and treasurer to furnish to the petitioner, within ten days after the service of an order to be entered on the motion, the following: (1) The names of the directors and officers of the corporation and the amount of salary paid them. (2) A statement showing the net profits as appears from the books for the period from the 9th day of June, 1905, to July 1, 1907. (3) The name of the bank or banks in which the company deposits money, the amount in each bank on the 1st day of July, 1907, and the rate of interest, if any, allowed by the banks. (4) A statement showing the cash in hand, total of accounts and bills receivable on July 1, 1907, and also the actual liabilities outside of capital stock on said date. (5) A statement showing the total indebtedness due the corporation on said date from the largest and second largest debtor. (6) A statement of the changes, if any, in the salaries of any persons employed by the corporation since December 1, 1906, and the names of the employés increased, and the amount of such increase, and the reasons therefor. (7) A statement of overdrafts or loans, if any, from the corporation to any officer or employé, since the date of its organization. Said order may provide that, in the event of the failure of said president, secretary and treasurer to furnish the information aforesaid within the time specified, then the motion is granted in all respects.

Ordered accordingly.